UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ESTER M. MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 20 C 414 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD CORPORATION d/b/a METRA, JOHN FRENCHER, and JUAN P. RODRIGUEZ, | ) ) ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Plaintiff Ester M. Miller has worked for Defendant Northeast Illinois Regional Commuter Railroad Corporation ("Metra") as a coach cleaner since 2012. In her amended complaint, she alleges that Metra and Defendants John Frencher and Juan P. Rodriguez created a sexually hostile work environment and retaliated against her for complaining about Frencher's actions in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* Metra has moved to dismiss the amended complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[1] Because Miller's complaint does not include any timely act of sexual harassment and she has not alleged the required statutorily protected activity to pursue her retaliation claim, the Court grants Metra's motion and dismisses Miller's amended complaint against Metra without prejudice.

---

[1] Frencher and Rodriguez have not been served and have not filed appearances in this case. Metra has asked the Court to dismiss the individual defendants because Title VII does not provide for individual liability. *Passananti v. Cook Cnty.*, 689 F.3d 655, 677 (7th Cir. 2012). Miller cannot and does not argue otherwise, and so the Court dismisses Frencher and Rodriguez as Defendants.

## BACKGROUND[2]

Miller began working for Metra as a coach cleaner at Metra's 18th Street yard location on September 23, 2012. Frencher and Rodriguez also work for Metra at the 18th Street yard, with Rodriguez serving as the shop superintendent. The majority of Miller's coworkers and supervisors are men. In March 2013, Frencher began directing sexually charged statements at Miller and continued to threaten, bully, and harass her when he encountered her in the workplace. In September 2013, Frencher assaulted Miller by grabbing her head and pulling it toward his groin area. In October 2017, he chased and tried to grab Miller. In November 2017, Frencher asked Miller to look at x-rays related to his knee pain but instead showed Miller a picture of a man's penis.

Miller confided in a coworker, Rita Falcon, about Frencher's harassment. On March 7, 2018, Falcon confronted Frencher and told him to leave Miller alone. Frencher then confronted Miller, threatening her because Falcon had told him to leave Miller alone. Later that day, Falcon filed a statement of complaint with Metra regarding Frencher's harassment of Miller. Falcon stated that Miller told her that Frencher "was bothering her at work and she wanted for him to leave her alone." Doc. 27-2 at 1. She indicated she was particularly offended by Frencher calling Miller names that called into question her mental state. Metra supervisors undertook an investigation and determined that Miller and Frencher should not work in the same train car. Metra did not share this determination with the supervisors and foremen at the 18th Street yard, and Frencher continued to harass Miller.

---

[2] The Court takes the facts in this section from the amended complaint and exhibits attached thereto and presumes their truth for the purpose of resolving Metra's motion to dismiss. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011); *Local 15, Int'l Bhd. of Elec. Workers, AFL-CIO v. Exelon Corp.*, 495 F.3d 779, 782 (7th Cir. 2007).

In December 2018, Metra began an internal investigation into Miller, led by Rodriguez. On March 20, 2019, Metra charged Miller with failing to comply with Metra Employee Code of Conduct Rules and Metra's Mechanical Directive #3 when she failed to properly report and protect her work assignment on March 14, 2019. Miller did not have proper representation during the proceedings, and Metra employees provided concocted statements against Miller. Miller waived her right to a formal hearing but claims that Metra denied her the opportunity to produce her requested witnesses. On April 2, 2019, Metra penalized Miller with a one-day suspension that it deferred for two years, essentially putting her on probation for those two years.

Miller filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on July 22, 2019, alleging sex discrimination and retaliation. Specifically, she claimed that she was subjected to sexual harassment, complained about that harassment "to no avail," and was subsequently disciplined and placed on a two-year probation. Doc. 27-1 at 2. She indicated January 24, 2019 was the latest date of discrimination. The EEOC issued a right to sue letter on October 17, 2019 and Miller timely filed this case thereafter.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016). To survive a Rule 12(b)(6) motion, the complaint must assert a facially plausible claim and provide fair notice to the defendant of the claim's basis. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Adams v. City of Indianapolis*, 742 F.3d 720, 728–29 (7th

Cir. 2014). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

I.    **Hostile Work Environment Claim**

Metra first argues that Miller's hostile work environment claim is untimely because she has not alleged any alleged discriminatory conduct that falls within the 300-day window from when she filed her EEOC charge. In a deferral state, like Illinois, a plaintiff has a 300-day window to file an EEOC charge concerning an alleged unlawful employment practice for a Title VII claim based on those practices to be actionable. *Bass v. Joliet Pub. Sch. Dist. No. 86*, 746 F.3d 835, 839 (7th Cir. 2014) ("If a plaintiff does not file a charge concerning a discrete act within the 300-day window, her claim is time-barred and she may not recover."); *Roney v. Ill. Dep't of Transp.*, 474 F.3d 455, 460 (7th Cir. 2007) ("A charge of employment discrimination must be filed with EEOC within 300 days of the alleged unlawful employment practice."). For hostile work environment claims, the Court may consider the entirety of an employer's behavior to assess the plausibility of the claims as long as one contributing act took place within the statutory period. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 105, 115–17 (2002) ("A hostile work environment claim is composed of a series of separate acts that collectively constitute one 'unlawful employment practice.' . . . Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability." (citation omitted)).

Here, Miller filed her EEOC charge on July 22, 2019, meaning that she must allege at least one contributing act that took place after September 24, 2018. Miller generally alleges that

Frencher sexually harassed her beginning in March 2013 and continuing through 2018, but she does not identify any acts that could constitute sexual harassment that took place after September 24, 2018. She cannot use the disciplinary investigation and suspension as a contributing act for her hostile work environment claim, particularly where she does not allege that these actions had anything to do with her sex. *See Novotny v. Plexus Corp.*, No. 13-cv-05881, 2017 WL 1093161, at \*6 (N.D. Ill. Mar. 23, 2017) (the plaintiff's termination did not contribute to hostile work environment claim so as to make it timely); *Wallin v. THC-Chicago, Inc.*, No. 99 C 3173, 2004 WL 2535283, at \*7 (N.D. Ill. Sept. 23, 2004) ("[H]er firing was not an act creating a hostile environment but was (allegedly) an example of disparate treatment between her and the male doctor. It therefore is not part of the same hostile environment claim."). Miller's response only highlights Frencher's allegedly harassing actions that occurred prior to 2018, suggesting that she cannot point to an act falling within the statutory time period that would make her hostile work environment claim timely. *Cf. Rosa v. Bd. of Trs. of the Univ. of Ill.*, No. 18-CV-8477, 2020 WL 7319574, at \*7 (N.D. Ill. Dec. 11, 2020) (sexual harassment claim was timely where the plaintiff included specific incidents of sexually harassing conduct within the limitations period). Therefore, Miller cannot proceed on her hostile work environment claim based on the current allegations of the complaint.[3]

## II. Retaliation Claim

### A. Scope of EEOC Charge

Metra argues that Miller cannot bring her Title VII retaliation claim because it is outside the scope of her EEOC charge. A plaintiff "may bring only those claims that were included in his EEOC charge, or that are 'like or reasonably related to the allegations of the charge and

---

[3] Because the Court finds that Miller has not alleged a timely hostile work environment claim, it does not address Metra's argument that the complaint does not sufficiently state such a claim.

growing out of such allegations.'" *Geldon v. S. Milwaukee Sch. Dist.*, 414 F.3d 817, 819 (7th Cir. 2005) (quoting *McKenzie v. Ill. Dep't of Transp.*, 92 F.3d 473, 481 (7th Cir. 1996)). This requirement is intended to provide the employer with notice of the nature of the claims against it and provide the EEOC and the employer the opportunity to settle the dispute with the employee before the parties turn to litigation. *Id.* "The relevant claim and the EEOC charge must, at a minimum, describe the same conduct and implicate the same individuals." *Huri v. Off. of the Chief Judge of the Cir. Ct. of Cook Cnty.*, 804 F.3d 826, 831–32 (7th Cir. 2015). Because lawyers generally do not draft EEOC charges, courts review the scope of EEOC charges liberally, and a plaintiff need not include every fact that forms the basis of her claims. *Id.* at 831.

In her EEOC charge, Miller alleged that Metra retaliated against her after she complained of sexual harassment by conducting a disciplinary hearing and placing her on probation for two years. Metra argues that Miller's contention that it retaliated against her with the April 2, 2019 imposition of a suspension is outside the scope of her charge because Miller stated that the last discriminatory or retaliatory act occurred on January 24, 2019. Although the complaint does not include any specific allegations about an act that occurred on January 24, 2019, the body of Miller's charge states that she complained to Metra about sexual harassment and that Metra then took retaliatory action by opening a disciplinary hearing and placing her on probation for two years. This disciplinary action occurred on April 2, 2019, as alleged in the complaint. *See id.* (a plaintiff need not include every fact in her EEOC charge). Further, Miller's additional allegations concerning the retaliatory nature of the process by which Metra investigated and disciplined her are reasonably related to her EEOC charge, as they provide details as to how Metra allegedly retaliated against her with respect to the disciplinary hearing and would reasonably be expected to form part of the EEOC's investigation. *See Lavalais v. Vill. of*

6

*Melrose Park*, 734 F.3d 629, 634 (7th Cir. 2013) (plaintiff's EEOC charge and claims described the same conduct and implicated the same individuals); *Ajayi v. Aramark Bus. Servs., Inc.*, 336 F.3d 520, 527 (7th Cir. 2003) (the relevant inquiry is "what EEOC investigation could reasonably be expected to grow from the original complaint" (quoting *Novitsky v. Am. Consulting Eng'rs, L.L.C.*, 196 F.3d 699, 701 (7th Cir. 1999))). Construing Miller's EEOC charge liberally, the Court finds that Miller sufficiently placed Metra on notice of her retaliation claims so that they fall within the scope of her EEOC charge. *See Huri*, 804 F.3d at 836 (primary purpose of an EEOC charge is to give the employer notice of the grievances and a chance to settle).

### B. Sufficiency of the Allegations

To plead a Title VII retaliation claim, Miller need only "allege that she engaged in statutorily protected activity and was subjected to an adverse employment action as a result." *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 828 (7th Cir. 2014) (quoting *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1029 (7th Cir. 2013)). Metra argues that Miller failed to sufficiently plead that she undertook any protected activity prior to the alleged adverse employment action, an actionable adverse action, and a causal connection between the two. The Court need only address the first argument, that Miller has not sufficiently pleaded that she engaged in protected activity.

"An employee engages in a protected activity by either: (1) filing a charge, testifying, assisting or participating in any manner in an investigation, proceeding or hearing under Title VII or other employment statutes; or (2) opposing an unlawful employment practice." *Northington v. H & M Int'l*, 712 F.3d 1062, 1065 (7th Cir. 2013). Aside from the filing of her EEOC charge, which occurred after the alleged adverse employment action, Miller only alleges

7

that she complained to a co-worker, Falcon, about Frencher's conduct. A complaint to a co-worker does not qualify as a protected activity; the complaint must be made to a supervisor or someone with authority. *See Gleason v. Mesirow Fin., Inc.*, 118 F.3d 1134, 1147 (7th Cir. 1997) (plaintiff did not engage in protected activity where she failed to raise the issue of harassment "to anyone in authority"); *Duncan v. Thorek Mem'l Hosp.*, 784 F. Supp. 2d 910, 925 n.6 (N.D. Ill. 2011) (complaint to a co-worker did not amount to protected activity). But Falcon made a complaint to Metra about Frencher's conduct toward Miller, a complaint that Metra could have attributed to Miller. *See Thompson v. N. Am. Stainless,* LP, 562 U.S. 170, 174–75 (2011) (Title VII provided a retaliation claim where the employer took an adverse action against the plaintiff in retaliation for his fiancée filing an EEOC charge); *cf. Clark v. Johanns*, 460 F.3d 1064, 1067 (8th Cir. 2006) (a co-worker's complaint of sexual harassment toward female employees could not be attributed to the female plaintiff where the co-worker's complaint did not identify her). This does not save Miller's claim, however, because Falcon's complaint to Metra only generally raised complaints about Frencher's behavior without tying that behavior to Miller's sex. *See* Doc. 27-2 at 1. "Merely complaining in general terms of discrimination or harassment, without indicating a connection to a protected class or providing facts sufficient to create that inference, is insufficient." *Tomanovich v. City of Indianapolis*, 457 F.3d 656, 663 (7th Cir. 2006); *see also Cole v. Bd. of Trs. of N. Ill. Univ.*, 838 F.3d 888, 901 (7th Cir. 2016) (statutorily protected activity "requires more than simply a complaint about some situation at work, no matter how valid the complaint might be"). Because Miller has not sufficiently alleged she engaged in protected activity, she cannot proceed on her retaliation claim.[4]

---

[4] Because the Court concludes that Miller has not stated a retaliation claim, it need not address whether the RLA preempts any part of her retaliation claim.

**CONCLUSION**

For the foregoing reasons, the Court grants Metra's motion to dismiss [33]. The Court dismisses Miller's claims against Metra without prejudice and Miller's claims against Frencher and Rodriguez with prejudice. The Court grants Plaintiff until March 5, 2021 to file an amended complaint.

Dated: February 2, 2021

_____
SARA L. ELLIS
United States District Judge